### KELLY v. TRIBUNE–STAR PUB. CO., Inc.
### No. 8884.

Circuit Court of Appeals, Seventh Circuit.

Dec. 12, 1945.

Garfield J. Kelly, pro se.

Louis R. Hilleary and Paul R. Shafer, both of Terre Haute, Ind., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Appellant filed suit in the District Court alleging that defendant had published a libelous article in the Terre Haute Star, the gist of which was, as follows: "Kelly was convicted of kidnapping and armed robbery charges in the Vigo Circuit Court and sentenced to life imprisonment on the kidnapping charge in September, 1933. In October, 1933, he was sentenced to serve 20 years on the robbery charge. Since his conviction Kelly has made several pleas to the Court charging that he did not receive a fair trial and has made other allegations. All of Kelly's pleas have been denied by Judge Gerdnik. *Kelly then filed suit for $150,000 damages against four Court officials and two city detectives alleging conspiracy. The case was in Federal Court and was dismissed by Judge Baltzell.*" That portion of the printed article appearing in italics is alleged to be false; the balance of the article is not challenged. The complaint further alleges that: "In justice and in right your petitioner should and ought to be granted damages in the amount of $50,000 to be paid to your petitioner * * * that their (defendant's) evil design in conspiracy to deprive your petitioner of his constitutional right to equal protection of the laws shall not come to pass but that your petitioner's efforts to obtain equal protection of the laws shall prosper and the people's right to obtain the truth from the newspapers shall be protected in accordance with law and justice."

The complaint was met in the District Court by defendant's motion to dismiss, first, because the Court lacked jurisdiction as diversity of citizenship was not alleged; second, the complaint failed to state a cause of action. The District Court allowed defendant's motion and dismissed the complaint and this appeal followed.

The complaint not only fails to show diversity, but an examination of the record affirmatively discloses that both plaintiff and defendant are citizens of the State of Indiana. Appellant urges that this requirement is obviated by the fact that the name of a United States Judge is mentioned in the newspaper article, and further urges in a vague sort of manner that the complaint shows a violation of Sections 51 and 52 of Title 18 U.S.Code Annotated and that for this reason juris-

diction is conferred upon the United States Court. We cannot, of course, accept either proposition. 28 U.S.C.A. § 41.

Appellant has been without the benefit of counsel in either the District Court or upon this appeal, and we have patiently examined his written brief and argument submitted pro se, but find his theories without support in the law. His case so obviously falls within the diversity clause of the statute that the District Court's order dismissing same cannot be successfully challenged. It is unnecessary to otherwise discuss the sufficiency of the complaint.

Judgment affirmed.